IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 23-1139-KHV-GEB |
| v. | ) ) |
| KANSAS STATE UNIVERSITY FOUNDATION, | ) ) ) |
| and | ) ) |
| FORREST L. "LENNY" GEIST | ) ) |
| Defendants. | ) ) |

## **ORDER**

This matter comes before the Court on Defendant Forrest L. "Lenny" Geist's Motion to Compel Disclosure (ECF No. 66). Mr. Geist seeks to compel Plaintiff to produce a copy of a settlement agreement between Plaintiff and Defendant Kansas State University Foundation ("KSUF"), including the "specific language, terms and conditions of any agreements between plaintiff and the other co-defendant." For the reasons set forth below, the Court **denies** Defendant's Motion **(ECF No. 66)**.

I.  **Background**

   a.  **Underlying Lawsuit**

Mr. Geist filed a lawsuit against KSUF in the District Court of McPherson County, Kansas alleging KSUF and several other defendants misappropriated intellectual property, trade secrets, and copyright protected materials allegedly created and owned by Mr. Geist. KSUF removed the case to this court with the consent of the other defendants on June 26, 2023.[1] All defendants filed Motions to Dismiss which were granted on November 21, 2023 with final judgment being entered the same day.

Mr. Geist filed a Notice of Appeal to the Tenth Circuit Court of Appeals on December 18, 2023. The Tenth Circuit entered an Order upholding the District Court's rulings and entering judgment closing the appeal on September 9, 2024. Mr. Geist filed Petition for Writ of Certiorari with the United States Supreme Court on November 7, 2024. Defendants deadline to respond or waive response is February 12, 2025.

   b.  **Current Lawsuit**

Plaintiff Cincinnati Insurance Company, Inc. filed this action against KSUF and Mr. Geist on July 13, 2023. Relevant to Mr. Geist, in Counts II and III of its Complaint, Plaintiff, based upon the language of various provisions of KSUF's insurance policy, sought a declaration it "does not owe and has never owed KSUF a duty to indemnify it against the claims by Mr. Geist in the Underlying Lawsuit or for any judgment that may be

---

[1] *Geist v. Kansas State University Foundation,* 29-1129-JWB-GEB.

entered on any such claims."[2] After Mr. Geist appealed the dismissal of his claims in the Underlying Lawsuit to the Tenth Circuit Court of Appeals, Plaintiff moved to stay this action. KSUF acknowledged Plaintiff's duty to indemnify was not ripe for adjudication, and might never become ripe, depending upon the ruling of the Tenth Circuit. Although Mr. Geist had full faith in his appeal, he yielded to the Court's discretion regarding a stay. Finding an agreement regarding the stay, the Court granted Plaintiff's motion.[3]

After the Tenth Circuit upheld the District Court's ruling and dismissed Mr. Geist's appeal, the Court noticed a series of status conferences to discuss resetting the deadlines in the case. At one of the conferences, counsel indicated the parties have been discussing settlement. On January 23, 2025, Plaintiff and KSUF filed a Joint Stipulation of Dismissal without Prejudice.[4] The stipulation was not signed by Mr. Geist and noted that although he had "asserted no claims in this action, Mr. Geist opposes this joint stipulation."[5] KSUF was dismissed from this case as of the date of the stipulation.

Mr. Geist filed the current Motion to Compel Disclosure, Plaintiff has filed their response in opposition. Plaintiff's response includes a Renewed Motion to Dismiss[6] to be decided by the District Judge. Mr. Geist's motion is ripe for decision.

---

[2] Complaint, ECF No. 1 at 12 and 14.
[3] ECF No. 56.
[4] ECF No. 65.
[5] *Id.*
[6] ECF No. 70.

3

**II.     Discussion**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."[7] "Relevance, at the discovery stage, is broadly construed."[8] The Tenth Circuit has not recognized a settlement privilege pursuant to Fed. R. Evid. 401 or 408.[9] Additionally, "[a] concern for protecting confidentiality does not equate to a privilege."[10] Any settlement agreement between Plaintiff and KSUF is not privileged, therefore, the Court will address whether the settlement agreement is relevant and therefore shall be produced.

Mr. Geist argues the terms and conditions of the settlement between Plaintiff and KSUF "will likely influence obligations of all parties."[11] But KSUF having reached a settlement with Plaintiff was dismissed for the current lawsuit on January 23, 2025 when the Stipulation of Dismissal Without Prejudice was entered. Plaintiff has renewed its

---

[7] Fed. R. Civ. P. 26(b)(1).
[8] *Mann v. XPO Logistics Freight, Inc.*, No. 16-2196-CM, 2017 WL 3054125, at *1 (D. Kan. July 19, 2017) (citing *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016)).
[9] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 1246216, at *4 (D. Kan. April 27, 2007) ("[C]ourts have reached widely divergent conclusions about whether or not a federal settlement privilege exits….Absent direction from the Tenth Circuit, this court will not imply the existence of a federal settlement privilege under either Fed. R. Evid. 408 or under Fed. R. Evid. 501….") *See also High Point SARL v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 3241432, at *7 (D. Kan. July 29, 2011) (The Court has found no such direction from the Tenth Circuit since the *Heartland* case, and thus will similarly not recognize such a settlement privilege here.)
[10] *Heartland Surgical Specialty Hosp., LLC*, 2007 WL 1246216, at *2 (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 642 (D. Kan. 2004) ("It is well settled that a concern for protecting confidentiality does not equate to a privilege, and that information and documents are not shielded from discovery on the sole basis that they are confidential.")
[11] ECF No. 66.

previous Motion of Partial Dismissal[12] regarding KSUF's counterclaims against Plaintiff and seeks to have the case dismissed. Plaintiff argues Mr. Geist has asserted no claims in this action, the coverage issues were between Plaintiff and KSUF and are no longer at issue, and requests the court dismiss the lawsuit and all claims asserted in the action without prejudice.[13]

The District Judge previously granted Plaintiff's motion and dismissed Counts II and III of KSUF's Counterclaim alleging breach of contract and the related claim for breach of implied duty of good faith. The decision granting the motion was based upon interpretation of the policy language. It found no breach of contract and without a breach of the contract found KSUF could not state a claim for breach of duty of good faith and fair dealing.[14] Where the motion was originally decided based upon the policy language well before any settlement agreement between Plaintiff and KSUF was reached, the Court finds the settlement agreement is not relevant to the issues in the case.

The Protective Order in this case permits[15] documents produced to be used or disclosed in "any other related legal proceeding brought by one of the parties to this litigation." And it is the Court's belief Mr. Geist alleges the terms and conditions of the settlement agreement are germane to KSUF's obligations to him should he prevail against them in the Underlying Litigation. As set forth above, Mr. Geist's claims against all defendants were dismissed and the Tenth Circuit upheld the District Judge's rulings. Only

---

[12] ECF No. 23.
[13] ECF No. 70 at 2.
[14] ECF No. 45 at 11 and 13.
[15] ECF No. 34 at 4.

5

if the United States Supreme Court should decide to take Mr. Geist's case, overturn the District Judge's and Tenth Circuit's rulings, and remand the case for further proceedings would the settlement agreement between Plaintiff and KSUF possibly become relevant to the proceedings in the Underlying Litigation.

Finding the settlement agreement is not relevant to the claims in this matter or the Underlying Litigation at this time, **IT IS THEREFORE ORDERED** Defendant Forrest L. "Lenny" Geist's Motion to Compel Disclosure **(ECF No. 66)** is **DENIED**.

**IT IS SO ORDERED.**

Dated February 5, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
U.S. Magistrate Judge