IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, INC., ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| v. ) | |
| ) | No. 23-1139-KHV |
| KANSAS STATE UNIVERSITY ) | |
| FOUNDATION and FORREST L. GEIST, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

The Cincinnati Insurance Company, Inc. seeks a declaratory judgment that it is not obligated to defend or indemnify Kansas State University Foundation ("KSUF") in a lawsuit filed by Forrest L. Geist. In the underlying lawsuit, Mr. Geist alleged that KSUF and others misappropriated trade secrets because K-State's 105 initiative had copied his business plan for a statewide network of 105 ag-tech campuses. On November 21, 2023, the Honorable John W. Broomes dismissed Mr. Geist's claims against KSUF. See Geist v. Kansas State Univ. Found., No. 23-01129-JWB, 2023 WL 8088790 (D. Kan.). On August 16, 2024, the Tenth Circuit affirmed the dismissal. See Geist v. Kansas State Univ. Found., No. 23-3266, 2024 WL 3841828 (10th Cir. 2024). In the United States Supreme Court, Mr. Geist has filed a petition for certiorari.

This matter is before the Court on Plaintiff The Cincinnati Insurance Company's Renewed Motion To Dismiss And Reply In Opposition To Defendant Forrest L. "Lenny" Geist's Motion To Compel Disclosure (Doc. #70) filed January 31, 2025 and Forrest L. Geist's Motion To Set Date For Jury Trial, Withdrawal Of Motion To Stay Case, And Restatement Of Claim (Doc. #71) filed February 3, 2025. For reasons stated below, the Court overrules both motions.

On November 19, 2024, Magistrate Judge Gwynne E. Birzer ordered that at a status

conference on December 20, 2024, the parties be prepared to discuss remaining deadlines unless they notified the Court that they had resolved the case. See Order (Doc. #60). On December 16, 2024, counsel notified Judge Birzer that the case had been resolved, and she cancelled the status conference. See Order (Doc. #61). On January 2, 2025, the Court ordered that all parties file a stipulation of dismissal under Rule 41(a)(1), Fed. R. Civ. P. See Order (Doc. #64). On January 23, 2025, plaintiff and KSUF stipulated to dismiss all claims between them under Rule 41(a)(1). See Joint Stipulation Of Dismissal Without Prejudice (Doc. #65). Mr. Geist did not sign the joint stipulation of dismissal without prejudice, so the Court directed the Clerk to reopen the case as to plaintiff's claims against Mr. Geist. See Order (Doc. #67) filed January 27, 2025.

Based on the stipulation between plaintiff and KSUF, plaintiff asks the Court to dismiss the entire case without prejudice, including its claims against Mr. Geist.[1] Mr. Geist objects to dismissal of the claims against him because "a jury is required to hear unresolved issues" and that by "reverse declaratory judgment and/or counterclaim," he seeks damages from plaintiff. Forrest L. Geist's Motion To Set Date For Jury Trial, Withdrawal Of Motion To Stay Case, And Restatement Of Claim (Doc. #71) at 1. Mr. Geist has not filed a counterclaim against plaintiff. Arguably, a formal counterclaim would be redundant and unnecessary as to issues on which plaintiff seeks declaratory relief.[2] Given Mr. Geist's pro se status and the fact that the title of his

---

[1] Plaintiff also states that it renews its Motion For Partial Dismissal (Doc. #23), which sought to dismiss KSUF's counterclaim for breach of the duty to defend (Count II) and "bad faith" (Count III). The Honorable Eric F. Melgren has already granted plaintiff's motion to dismiss these counts of KSUF's counterclaim. See Memorandum And Order (Doc. #45) filed April 29, 2024. Furthermore, plaintiff and KSUF have stipulated to dismiss all claims between them. See Joint Stipulation Of Dismissal Without Prejudice (Doc. #65). The Court therefore overrules as moot plaintiff's request to renew its motion to dismiss Counts II and III of KSUF's counterclaim.

[2] See Essex Ins. Co. v. Johnson's Wreckers & Salvage, Inc., No. CIV-12-1312-F, 2013 WL 12370718, at *6 (W.D. Okla. June 28, 2013) (dismissing declaratory judgment

(continued. . .)

answer includes a "Request For Declaratory Judgment," the Court construes his <u>Limited Response To Complaint & Request For Declaratory Judgment + Request For Original Copy Of Policy In Force/Question In Order To Prepare Full Response</u> (Doc. #9) filed August 3, 2023, as asserting a request for declaratory judgment.

Because Mr. Geist has requested declaratory relief, plaintiff cannot dismiss its claims against him, over his objection, without prejudice.  <u>See</u> Fed. R. Civ. P. 41(a)(1)(A)(ii) (plaintiff may dismiss claims without court order by stipulation signed by all parties).  The Court therefore overrules plaintiff's motion to dismiss.

Plaintiff has not sought relief under Rule 41(a)(2), Fed. R. Civ. P., which permits dismissal of a defendant over his objection "on terms that the court considers proper."  Plaintiff proposes that the Court dismiss its claims against Mr. Geist without prejudice, but it does not address his request for declaratory relief.  Mr. Geist objects to dismissal of the case, but he does not propose conditions which could mitigate potential prejudice from dismissal.  Based on the limited record, the Court declines to dismiss the case against Mr. Geist under Rule 41(a)(2).  **On or before March 20, 2025, plaintiff may file a motion to dismiss under Rule 41(a)(2), Fed. R. Civ. P.  If plaintiff files a motion which proposes to dismiss without prejudice the claims against Mr. Geist, the motion shall explain why such dismissal would be appropriate after 20 months of**

---

²(. . .continued)
counterclaims which mirror complaint and seek adjudication of issues that will necessarily flow from adjudication of complaint); <u>Clearwater Enters., L.L.C. v. Leggett & Platt, Inc.</u>, No. CIV-23-46-R, 2023 WL 3397420, at *2 (W.D. Okla. May 11, 2023) (dismissing counterclaim for declaratory judgment as redundant of plaintiff's request for declaratory relief).  <u>But cf.</u> <u>ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.</u>, 652 F. Supp. 2d 552, 556–57 (D.N.J. 2009) (where declaratory relief based on contract interpretation, courts reluctant to dismiss "mirror image" counterclaim for declaratory relief because adverse ruling on plaintiff's request for relief does not necessarily include finding that defendant's interpretation of contract was correct).

litigation.  If plaintiff files such a motion, Mr. Geist shall identify specific conditions—if any—under which he would agree to dismiss all claims for declaratory relief.

Mr. Geist asks the Court to set a trial date.  This request is premature.  The parties may agree—or the Court may find—that dismissal is appropriate under certain conditions.  If the Court does not dismiss the case, Mr. Geist can reassert his request for a trial date.

**IT IS THEREFORE ORDERED** that Plaintiff The Cincinnati Insurance Company's Renewed Motion To Dismiss And Reply In Opposition To Defendant Forrest L. "Lenny" Geist's Motion To Compel Disclosure (Doc. #70) filed January 31, 2025 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Forrest L. Geist's Motion To Set Date For Jury Trial, Withdrawal Of Motion To Stay Case, And Restatement Of Claim (Doc. #71) filed February 3, 2025 is **OVERRULED**.

**IT IS FURTHER ORDERED** that **on or before March 20, 2025, plaintiff may file a motion to dismiss under Rule 41(a)(2), Fed. R. Civ. P.  If plaintiff files a motion which proposes to dismiss without prejudice the claims against Mr. Geist, the motion shall explain why such dismissal would be appropriate after 20 months of litigation.  If plaintiff files such a motion, Mr. Geist shall identify specific conditions—if any—under which he would agree to dismiss all claims for declaratory relief.**

Dated this 10th day of March, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
