IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CINCINNATI INSURANCE COMPANY, INC., )
                                    )
                    Plaintiff,      )    CIVIL ACTION
v.                                  )
                                    )    No. 23-1139-KHV
KANSAS STATE UNIVERSITY             )
FOUNDATION and FORREST L. GEIST,    )
                                    )
                    Defendants.     )
_____)

## MEMORANDUM AND ORDER

The Cincinnati Insurance Company, Inc. seeks a declaratory judgment that it is not obligated to defend or indemnify Kansas State University Foundation ("KSUF") in a lawsuit filed by Forrest L. Geist. In the underlying lawsuit, Mr. Geist alleged that KSUF and others misappropriated trade secrets because Kansas State University's 105 initiative had copied his business plan for a statewide network of 105 ag-tech campuses. On November 21, 2023, the Honorable John W. Broomes dismissed Mr. Geist's claims against KSUF. See Geist v. Kansas State Univ. Found., No. 23-01129-JWB, 2023 WL 8088790 (D. Kan.). On August 16, 2024, the Tenth Circuit affirmed the dismissal. See Geist v. Kansas State Univ. Found., No. 23-3266, 2024 WL 3841828 (10th Cir. 2024). On March 10, 2025, the United States Supreme Court denied Mr. Geist's petition for certiorari. 145 S. Ct. 1329. This matter is before the Court on Plaintiff's Rule 41 Motion To Dismiss Claims Against Pro Se Defendant Forrest L. "Lenny" Geist And Memorandum In Support (Doc. #75) filed March 20, 2025. For reasons stated below, the Court sustains plaintiff's motion.

On November 19, 2024, Magistrate Judge Gwynne E. Birzer ordered that at a status conference set for December 20, 2024, the parties be prepared to discuss remaining deadlines

unless they notified the Court that they had resolved the case. See Order (Doc. #60). On December 16, 2024, counsel notified Judge Birzer that the case had been resolved, and she cancelled the status conference. See Order (Doc. #61). On January 2, 2025, the Court ordered that all parties file a stipulation of dismissal under Rule 41(a)(1), Fed. R. Civ. P. See Order (Doc. #64). On January 23, 2025, plaintiff and KSUF stipulated to dismiss without prejudice all claims between them under Rule 41(a)(1). See Joint Stipulation Of Dismissal Without Prejudice (Doc. #65). Mr. Geist did not sign the joint stipulation of dismissal without prejudice, so the Court directed the Clerk to reopen the case as to plaintiff's claims against Mr. Geist. See Order (Doc. #67) filed January 27, 2025.

Based on the stipulation between plaintiff and KSUF, plaintiff asked the Court to dismiss the entire case without prejudice, including its claims against Mr. Geist. Because Mr. Geist did not sign the stipulation or consent to dismissal, the Court overruled plaintiff's motion. See Memorandum And Order (Doc. #74) filed March 10, 2025 at 2–3. The Court ordered that by March 20, 2025, plaintiff could file a motion to dismiss under Rule 41(a)(2), Fed. R. Civ. P. and that if plaintiff filed such a motion, Mr. Geist must identify specific conditions—if any—under which he would agree to dismiss all claims for declaratory relief. See id. at 3–4.

Plaintiff asks the Court to dismiss the complaint against Mr. Geist under Rule 41(a)(2), Fed. R. Civ. P., which permits dismissal of a defendant over his objection "on terms that the court considers proper." Plaintiff notes that it included Mr. Geist as a defendant in this case because he could have an interest in the outcome of the declaratory judgment action. The Court has held that plaintiff met its duty to defend KSUF in the underlying lawsuit. See Memorandum And Order (Doc. #45) filed April 29, 2024 at 10–11. As explained above, plaintiff and KSUF stipulated to dismiss without prejudice the remaining claims between them under Rule 41(a)(1). Because

KSUF prevailed in the underlying action, Mr. Geist cannot establish that he has any interest in this declaratory action between Cincinnati Insurance and KSUF.

Mr. Geist appears to assert that Cincinnati Insurance's policy does not prohibit his counterclaim for some one billion dollars, which remains until he settles or the Court resolves the claim. Contrary to Mr. Geist's assertion, he has not asserted a counterclaim for money damages. In any event, Mr. Geist does not explain how he can assert a contractual claim against Cincinnati Insurance under a policy which it issued to KSUF. As an injured party and absent a judgment against KSUF, Mr. Giest cannot assert a direct claim against Cincinnati Insurance. See White v. Goodville Mut. Cas. Co., 226 Kan. 191, 194, 596 P.2d 1229, 1232 (1979) (before final judgment against insured, insurance company has no duty to make payment and it cannot be sued alone or as co-defendant).

The Court ordered that in response to plaintiff's motion under Rule 41(a)(2), Mr. Geist must identify specific conditions—if any—under which he would agree to dismiss all claims for declaratory relief. Mr. Geist objects to dismissal of the case, but he does not propose conditions which could mitigate potential prejudice from dismissal. The Court therefore does not add any conditions to plaintiff's suggestion to dismiss all claims between it and Mr. Geist without prejudice.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 41 Motion To Dismiss Claims Against Pro Se Defendant Forrest L. "Lenny" Geist And Memorandum In Support (Doc. #75) filed March 20, 2025 is **SUSTAINED**. **Pursuant to Rule 41(a)(2), Fed. R. Civ. P., the Court dismisses without prejudice all claims between Cincinnati Insurance Company, Inc. and**

---

[1] The only claims between Cincinnati Insurance and Mr. Geist are for declaratory judgment.

**Forrest L. Geist.**

Dated this 19th day of May, 2025 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge